IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHN ISRAEL ROBINSON,

    Plaintiff,

vs.

CHURCHILL COMMUNITY HOSPITAL, MEDICAL DOCTOR IN CHARGE,

    Defendants.

2:05-cv-01544-BES-GWF

**ORDER**

Before the Court is a Motion to Quash Service of Complaint, to Dismiss and to Change Venue (#9) filed on May 18, 2006 by Defendant Banner Churchill Community Hospital (erroneously sued as Churchill Community Hospital) (hereafter "BCCH"). Plaintiff did not file an opposition. On December 19, 2006 the Court Clerk issued a Notice of Intent to Dismiss Pursuant to FRCP 4(m) (#10), noting that proof of service was due by January 22, 2007. In response, on January 23, 2007 Plaintiff filed a Reply to Notice (# 12), which was also docketed as a Motion to Extend Time (#13). Defendant filed an Opposition to Plaintiff's Motion for Extension of Time (#14) and Plaintiff responded with a so-called Reply (#15), which consists of a copy of the original proof of service on BCCH and another copy of Plaintiff's Reply to Notice.

///

///

## I.  BACKGROUND

The Complaint in this case was filed pro se by Plaintiff on December 30, 2005. Thereafter, Plaintiff filed an Amended Complaint (#5) on January 23, 2006. On March 1, 2006 Magistrate Judge George W. Foley, Jr. filed an Order to Show Cause (#8), requiring Plaintiff to explain his failure file the required Certificate as to Interested Parties, and failure to comply with the Magistrate Judge's prior Order (#7) requiring the Plaintiff to file a Certificate of Interested Parties no later than January 31, 2006. To date, Plaintiff has failed to file a Certificate of Interested Parties.

Defendant BCCH argues that Plaintiff's Amended Complaint must be dismissed pursuant to FRCP 4(m) on the ground that service of the summons and complaint has not been made upon the Defendant within 120 days of the filing of the Amended Complaint. Alternatively, BCCH seeks dismissal pursuant to FRCP 12(b)(6) and a change of venue from the Southern Division of the District of Nevada to the Northern Division of the District of Nevada.  In his Motion to Extend Time, Plaintiff seeks additional time to move forward with his case on the basis that he has been "disabled half way round the world" and he apparently has an attorney in Nevada who will take the case if he is given more time.

## II.  ANALYSIS

Rule 4(c) requires that the "summons . . . be served together with a copy of the complaint."  If process is not served within 120 days after the filing of the complaint, and the plaintiff cannot show good cause why service was not made within that time, the action is subject to dismissal without prejudice. FRCP 4(m); Hason v. Medical Bd. of California, 279 F.3d 1167, 1174 (9th Cir. 2002). When considering a motion to dismiss a complaint for untimely service, courts must determine whether good cause for the delay has been shown on a case by case basis. In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001) (citation omitted).  At a minimum, "good cause means excusable neglect." Sheehan, 253 F.3d at 512 (citing Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991)). A plaintiff must show

1  the following factors in order to bring the excuse to the level of good cause: "(a) the party
2  to be served received actual notice of the lawsuit; (b) the defendant would suffer no
3  prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed."
4  Id.

5  The record indicates that Plaintiff has failed to show the factors that will allow the
6  court to find good cause to extend the service period.  Plaintiff was required to accomplish
7  service no later than May 23, 2006, which was 120 days after the Amended Complaint was
8  filed.  In its motion Defendant contends that it received a copy of the amended Complaint
9  from a messenger service on or about April 28, 2006, but was never served with a copy
10 of the Summons.  (Motion (#9), p. 4).  Accordingly, Defendant filed its Motion to Quash
11 Service of Complaint, to Dismiss and to Change Venue (#9) on May 18, 2006 and the
12 Court Clerk thereafter issued a Notice of Intent to Dismiss (#10), directing Plaintiff to file
13 proof of service by January 22, 2007.  In response, Plaintiff presented a letter to the Court,
14 in which he generally asserts that his medical condition has prevented him from properly
15 prosecuting this case.

16 It is clear that Defendant has received actual notice of this lawsuit.  However,
17 Plaintiff provides no excuse for his failure to produce sufficient proof of service and he has
18 not demonstrated a lack of prejudice to Defendant, or severe prejudice if his complaint
19 were dismissed.  Plaintiff's request to extend time to oppose Defendant's motion to
20 dismiss, or otherwise proceed with this case, has been filed over eight months after a
21 response was due and one year after any pleading has been filed by Plaintiff.  The Court
22 believes that Plaintiff's repeated failure to timely respond to pleadings and orders could
23 cause this matter to linger indefinitely and prejudice Defendant.  Under these
24 circumstances, the Court finds that Plaintiff has not shown good cause to extend the
25 service period and dismissal without prejudice is warranted.  While this result may seem
26 harsh, it is one of the risks that a plaintiff assumes when he chooses to represent himself.

King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (pro se litigants are held to the same procedural rules as litigants represented by counsel).

### III.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion to Extend Time (#13) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Quash Service of Complaint, to Dismiss and to Change Venue (#9) is GRANTED and Plaintiff's Amended Complaint (#5) is dismissed without prejudice.

DATED:  This 5TH day of February, 2007.

_____
United States District Judge